UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARTNERWEEKLY, LLC, | ) |
| Plaintiff, | ) 2:09-CV-02120-PMP-VCF |
| v. | ) ORDER |
| VIABLE MARKETING CORP. and CHAD ELIE, | ) |
| Defendants. | ) |

Presently before the Court is Defendants' Motion to Vacate Arbitration Award (Doc. #38), filed on November 23, 2011. Plaintiff filed an Opposition to Defendants' Motion to Vacate Arbitration Award and Countermotion to Confirm Arbitration Award (Doc. #40) on December 5, 2011. Defendants filed a Reply (Doc. #41) on December 12, 2011.

**I. BACKGROUND**

Plaintiff PartnerWeekly, LLC ("PartnerWeekly") and Defendant Viable Marketing Group ("Viable") entered into an Advertising Agreement pursuant to which Viable agreed to pay PartnerWeekly for Internet advertising services. (Notice of Removal (Doc. #1), Ex. A, Attach. 1.) In August and September 2009, PartnerWeekly sent Viable notices of an outstanding balance for advertising services PartnerWeekly provided for which Viable had not paid. (Notice of Removal, Ex. A, Attachs. 2, 3.)

On October 7, 2009, PartnerWeekly brought suit in Nevada state court against Viable and its officer, Defendant Chad Elie ("Elie"), for breach of contract and other related

1  claims arising out of the unpaid advertising invoices.  (Notice of Removal, Ex. A.)
2  Defendant Viable removed the action to this Court.  (Notice of Removal.)  The Court
3  ordered the parties submit to arbitration based on an arbitration clause in the Advertising
4  Agreement.  (Mins. of Proceedings (Doc. #19).)
5  　　　　On May 6, 2011, the parties held a preliminary hearing in the arbitration
6  proceedings, at which time the arbitrator set the last day to file any motions to modify the
7  deadlines in the case as June 1, 2011.  (Opp'n to Mot. to Vacate & Mot. to Confirm (Doc.
8  #40), Ex. 6.)  Dispositive motions were due June 2, 2011, with responses thereto due June
9  10, 2011.  (Id.)  Nothing in the record indicates that Defendants mentioned at this hearing
10  that they might be unable to continue participating in the arbitration proceedings.
11  　　　　On June 2, 2011, Defendants moved to stay the arbitration.  (Mot. to Vacate, Ex.
12  1.)  Defendants argued the arbitration should be stayed because on April 15, 2011, an
13  indictment out of the Southern District of New York against various online poker operators
14  and payment processors, including Elie, was unsealed.  (Id.)  A related civil forfeiture
15  complaint also resulted in the seizure of various bank accounts, including Viable's
16  accounts.  (Id.)  Defendants stated that as a result of the seizure, Defendants no longer could
17  afford to incur legal expenses in the arbitration.  (Id.)  Defendants therefore requested the
18  arbitrator stay the arbitration until the civil forfeiture proceedings were resolved.  (Id.)
19  Defendants stated they had attempted to settle the matter with PartnerWeekly but received
20  no response.  (Id.)
21  　　　　The arbitrator indicated he would resolve the motion for summary judgment
22  before ruling on the motion to stay.  (Mot. to Vacate, Ex. 2.)  The arbitrator extended the
23  deadline for Defendants to respond to the summary judgment motion until June 30, 2011.
24  (Id.)  Defendants thereafter wrote a letter to the arbitrator on June 29, 2011, requesting the
25  arbitrator consider the motion to stay before the motion for summary judgment because
26  Defendants could not afford to incur any further legal expenses in the arbitration

1  proceedings.  (Mot. to Vacate, Ex. 3.)  PartnerWeekly filed a letter response the next day
2  opposing Defendants' request.  (Mot. to Vacate, Ex. 4.)

3      On June 11, 2011, the arbitrator issued an order indicating that although
4  Defendants requested a stay, no bankruptcy proceedings or court order stayed the
5  arbitration, and the arbitrator rejected Defendants' argument that a lack of funds provided
6  sufficient grounds for a stay.  (Mot. to Vacate, Ex. 5.)  Because Defendants failed to oppose
7  the summary judgment motion, the arbitrator directed PartnerWeekly to submit a proposed
8  order granting the motion.  (Id.)

9      The arbitrator issued his final decision in favor of PartnerWeekly on August 26,
10 2011. (Mot. to Vacate, Ex. 6.)  The arbitrator noted that Defendants did not dispute they
11 owed PartnerWeekly $320,853.75 in unpaid advertising services.  (Id.)  However,
12 Defendants claimed entitlement to offset certain amounts and counterclaimed for
13 PartnerWeekly's alleged violation of an Exclusivity Agreement.  (Id.)  The arbitrator
14 rejected the offset because Defendants provided insufficient evidence to support any offset
15 claim.  (Id.)  The arbitrator likewise rejected the counterclaim for breach of the Exclusivity
16 Agreement because the only evidence Defendants provided in discovery in support of this
17 counterclaim did not establish PartnerWeekly breached the agreement while it was in force.
18 (Id.)  Additionally, the arbitrator ruled that Defendants failed to submit proof of damages
19 from any breach.  (Id.)  The arbitrator therefore granted judgment in favor of PartnerWeekly
20 in the amount of $320,853.75 for unpaid advertising services, $112,979.98 in interest, and
21 $75,452.50 in attorney's fees.  (Id.)

22      PartnerWeekly thereafter moved to confirm the award in this Court.  (Mot. to
23 Confirm Award (Doc. #34).)  The Court denied the motion without prejudice to permit the
24 time to run under the Federal Arbitration Act ("FAA") for Defendants to file a motion to
25 vacate the award.  (Order (Doc. #36).)
26 ///

1  Defendants now move to vacate, arguing the arbitrator is guilty of misconduct for
2 his unreasonable refusal to grant Defendants' requested stay.  Defendants argue there was
3 good cause for the stay and the arbitrator should have decided the stay motion before
4 deciding the summary judgment motion.   Defendants suggest the arbitrator did so out of a
5 concern for payment of his fees rather than on the merits.  Finally, Defendants contend the
6 arbitrator failed to uphold his own requirement that the parties meet and confer prior to
7 filing any motions because PartnerWeekly did not confer with Defendants regarding the
8 stay motion or the summary judgment motion.
9  In response, PartnerWeekly argues the arbitrator did not engage in misconduct by
10 refusing to grant a stay of unlimited duration due to unrelated court proceedings and absent
11 any showing that a stay would further the arbitration proceedings.  Moreover,
12 PartnerWeekly contends the arbitrator properly found that lack of sufficient funds is not
13 grounds for a stay.  PartnerWeekly contends the motion to stay was untimely under the
14 arbitration scheduling order and Elie's alleged financial difficulties were not sudden and
15 unexpected when the indictment was unsealed in mid April, yet Defendants did not indicate
16 an inability to proceed until June 2.  PartnerWeekly also contends Defendants present no
17 evidence of a meet and confer requirement that it did not follow.  Finally, PartnerWeekly
18 disputes that any fee consideration motivated the arbitrator, as the arbitrator's fees were
19 paid up to that point in the proceedings.

20 **II.  DISCUSSION**

21  Pursuant to section 9 of the FAA, if the parties have agreed to judicially
22 enforceable arbitration and a party to the arbitration seeks an order confirming the award,
23 the Court "must grant such an order unless the award is vacated, modified, or corrected as
24 prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.  Section 10 of the FAA sets
25 forth the circumstances under which a court may vacate an arbitration award, including
26 "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon

4

sufficient cause shown." Id. § 10(a)(3).  Thus, under section 10(a)(3), "the arbitrary denial of a reasonable request for postponement may serve as grounds for vacating an arbitral award."  Sheet Metal Workers Int'l Ass'n Local Union No. 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 746 (9th Cir. 1985).  However, "an arbitrator is not guilty of misconduct merely because, in the face of a denial of a requested postponement, a party chooses to absent itself from a duly scheduled hearing."  El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co., 247 F.3d 843, 848 (8th Cir. 2001).  Because one of the policy purposes behind the FAA is the expeditious resolution of disputes, the arbitrator has wide discretion in deciding whether to grant or deny a requested postponement.  See Laws v. Morgan Stanley Dean Witter, 452 F.3d 398, 400 (5th Cir. 2006); Sink v. Aden Enters., Inc., 352 F.3d 1197, 1201 (9th Cir. 2003); Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1016 (11th Cir. 1998).  The Court therefore will affirm the award if the arbitrator had any reasonable basis to deny the request for a continuance.  Laws, 452 F.3d at 400; El Dorado Sch. Dist., 247 F.3d at 848; Scott, 141 F.3d at 1016.

Moreover, even if an arbitrator's decision was arbitrary, the Court may not vacate an award unless that arbitrary decision "so affects the rights of a party that it may be said that he was deprived of a fair hearing."  El Dorado Sch. Dist., 247 F.3d at 848 (quotation omitted).  Specifically with respect to § 10(a)(3), the party seeking to vacate the award must show the arbitrator's refusal to stay the proceedings prejudiced him.  Laws, 452 F.3d at 399-400.

A court's review of an arbitration decision under the FAA is "limited and highly deferential."  Coutee v. Barington Capital Grp., L.P., 336 F.3d 1128, 1132 (9th Cir. 2003) (quotation omitted).  The arbitrator need not explain his rationale for an award, and the Court should confirm an award if "a ground for the arbitrator's decision can be inferred from the facts of the case."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quotation omitted).  "Only a barely colorable justification for the outcome reached

5

1  by the arbitrators is necessary to confirm the award." Id. (internal quotation and citation
2  omitted).  The party moving to vacate the award bears the burden of proof.  Id.

3  Defendants have failed to meet their burden of establishing the arbitrator's
4  refusal to stay the proceedings was arbitrary.  The arbitrator had a reasonable basis to deny
5  the requested continuance to promote the policy of an expeditious resolution of the
6  arbitration proceedings.  Unlike the cases upon which Defendants rely, Defendants
7  requested an open ended continuance of uncertain duration which would have depended on
8  the Southern District of New York's resolution of the civil forfeiture case.  See, e.g., Naing
9  Int'l Enters. v. Ellsworth Assocs., 961 F. Supp. 1, 2-3 (D.D.C. 1997) (holding arbitrators
10  engaged in misconduct by refusing a continuance of less than a month to await a report by
11  the Small Business Administration that was due on a date certain); Tube & Steel Corp. of
12  Am. v. Chi. Carbon Steel Prods., 319 F. Supp. 1302, 1304 (S.D.N.Y. 1970) (holding
13  arbitrators engaged in misconduct by unilaterally rescheduling the hearing for their own
14  convenience when they previously had been advised one party could not attend until one
15  week later).  The civil forfeiture case had been commenced only two months prior, and thus
16  the arbitrator reasonably could have concluded that any stay of the arbitration proceedings
17  would not be for a reasonably brief, identifiable period of time.  Additionally, Defendants
18  cite no authority for the proposition that an arbitrator engages in misconduct by refusing to
19  stay arbitral proceedings because one party claims[1] it lacks sufficient funds to continue with
20  the arbitration.

21  Defendants also have failed to meet their burden of establishing the arbitrator's
22  refusal to grant the continuance prejudiced them.  Defendants have offered no evidence

---

[1] Defendants offered no evidence in support of their motion to stay that Defendants lacked funds to proceed with the arbitration.  Defendants offer no such proof to this Court, either.  In their Reply, Defendants argue Elie decided to devote his available resources to defending the criminal and civil forfeiture cases in New York. (Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Vacate Arbitration Award (Doc. #41) at 2.)

that, given more time, they could have presented materials to the arbitrator which would have shown their setoff or counterclaim had merit.

The Court also rejects Defendants' argument that the arbitrator acted in his own interests because Defendants no longer could pay his fees, and he therefore sought to bring the proceedings to a close.  Although Defendants claim in their Reply there is an outstanding $8,000 bill, they present no evidence that any fees were due and owing.  They present no other evidence the arbitrator's decision was fee-driven.  Defendants also fail to support their argument that Plaintiff violated any meet and confer requirements.

Defendants have failed to meet their burden of establishing the arbitrator engaged in misconduct which prejudiced their rights warranting vacation of the award.  The Court therefore will deny Defendants' Motion to Vacate, and will grant Plaintiff's Countermotion to Confirm.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Vacate Arbitration Award (Doc. #38) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's Countermotion to Confirm Arbitration Award (Doc. #40) is hereby GRANTED.  The arbitrator's Order Granting Claimant's Motion for Summary Judgment dated August 26, 2011 is hereby CONFIRMED.

IT IS FURTHER ORDERED that Judgment is hereby entered confirming the arbitrator's Order Granting Claimant's Motion for Summary Judgment dated August 26, 2011.

DATED:  April 7, 2012

_____
PHILIP M. PRO
United States District Judge