**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PARTNER WEEKLY, LLC, | ) |
| Plaintiff, | ) ) |
| v. | ) 2:09-cv-02120-PMP-VCF ) |
| VIABLE MARKETING CORPORATION, *et al.,* | ) **O R D E R** ) |
| Defendants. | ) (Motion For Extension of Time to Respond ) to Complaint #65) ) ) |

Before the court is defendant Chad Elie's Motion For Extension of Time to Respond to Complaint. (#65). Plaintiff Partner Weekly, LLC filed an Opposition. (#69). Defendant Elie did not file a Reply.

**Background**

Plaintiff filed its complaint on October 7, 2009, in the Eighth Judicial District Court, Clark County, Nevada against Viable Marketing Corporation (hereinafter "Viable Marketing"), Chad Edward Elie, in his individual capacity and as an officer of Viable Marketing, and Doe defendant X. (#1-2). The complaint arises from an Advertising Agreement plaintiff and defendants entered into whereby plaintiff would promote defendants' goods and services. *Id.* Plaintiff alleges that defendants "knowingly and intentionally, and in bad faith, stopped paying for the services provided by [p]laintiff." *Id.* Plaintiff asserts claims for (1) breach of contract, (2) unjust enrichment, (3) breach of good faith and fair dealing, (4) negligence, and (5) alter ego/piercing the corporate veil. *Id.*

Defendants Viable Marketing and Elie removed the action to this court on November 4, 2009, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (#1). On December 7, 2009, defendants filed a motion to stay pending arbitration, or in the alternative, to transfer venue. (#10). Plaintiff filed an opposition on December 18, 2009 (#13), and defendants filed a reply on December 23, 2009 (#14).

The court held a hearing on the motion (#10) on February 8, 2010, and granted the request to stay proceedings and denied the request to transfer venue. (#19). The court ordered the parties to file a status report regarding the arbitration proceedings by August 8, 2010. *Id.* On June 22, 2010, defendants' attorney filed a motion to withdraw (#20), which the court granted on the same day (#21). On July 28, 2010, defendants filed a motion to substitute attorney. (#22). The court granted the motion to substitute (#22) on August 5, 2010. (#28).

On August 6, 2010, defendants filed a status report pursuant to this court's order (#19). (#31). Defendants stated that plaintiff attempted to initiate arbitration proceedings with American Arbitration Association, but that plaintiff filed the demand with the wrong office and failed to remit the fee necessary to commence arbitration. *Id.* Defendants also stated that they were willing to go to arbitration and that the plaintiff must be ordered to pay the fee and arbitrate the claims. *Id.* Plaintiff did not respond to the defendants' status report (#31). On March 17, 2011, the court issued an order for plaintiff to show cause by April 6, 2011, why this action should not be dismissed. (#32). Plaintiff filed a response to the order to show cause (#32) on April 1, 2011, stating that the parties were currently engaged in arbitration and would provide the court with status reports as necessary. (#33).

On September 12, 2011, plaintiff filed a motion to confirm arbitration award. (#34). Defendants filed an opposition on September 29, 2011. (#35). On October 6, 2011, the court issued an order denying *without prejudice* the plaintiff's motion (#34). (#36). On November 23, 2011, defendants filed a motion to vacate arbitration award (#38) and a proposed order (#39). On December 5, 2011, plaintiff filed an opposition and a counter-motion to confirm. (#40). Defendants filed a reply on December 12, 2011. (#41). On April 9, 2012, the court issued an order denying the motion to vacate arbitration award (#38), and granting the counter-motion to confirm the arbitration award (#40). (#42). The court held that "[t]he arbitrator's Order Granting Claimant's Motion for Summary Judgment dated August 26, 2011 is hereby CONFIRMED. IT IS FURTHER ORDERED that Judgment is hereby entered confirming the arbitrator's Order Granting Claimant's Motion for Summary Judgment dated

August 26, 2011." *Id.*

Defendants filed a Notice of Appeal on May 3, 2012. (#43). On October 9, 2012, defendants filed a Rule 60(A) motion to amend/correct the court's April 9, 2012, order (#42). (#49). On October 15, 2012, defendants filed a motion for an indicative ruling pursuant to Rule 62.1. (#50). Plaintiff filed an opposition to the motion to amend/correct on October 26, 2012. (#51). On November 1, 2012, plaintiff filed an opposition to the motion for indicative ruling. (#52). Defendants filed a reply in support of the motion for an indicative ruling on November 8, 2012. (#54). The court issued an order on December 4, 2012, denying the motion to amend/correct (#49) and granting the motion for indicative ruling (#50) "to the extent that the Court hereby indicates it would amend the Judgment so as to confirm the arbitration award against only Defendant Viable Marketing Corp., and not against Defendant Chad Elie, if the Ninth Circuit remands the matter to this Court for that purpose." (#55).

On January 29, 2013, the Ninth Circuit issued an order granting appellant's motion for leave to file motion under Rule 60(a). (#56). Defendants filed a motion to amend/correct order #42 on motion to vacate on February 8, 2013. (#57). Plaintiff filed an opposition on February 25, 2013 (#58), and defendants filed a reply on March 7, 2013 (#59). On March 15, 2012, the court entered an order granting defendants' motion to amend/correct (#57) and holding that "the Order (Doc. #42) is hereby amended to reflect that the arbitrator's Order Granting Claimant's Motion for Summary Judgment dated August 26, 2011 is CONFIRMED as between Partner Weekly, LLC and Viable Marketing Corp. *only.* IT IS FURTHER ORDERED that Defendant Chad Elie shall file an answer or otherwise respond to the Complaint within thirty (30) days from the date of this Order, which may include the defenses or arguments raised in Defendants' reply brief that Plaintiff PartnerWeekly, LLC's failure to pursue an alter ego claim against Chad Elie in the arbitration proceedings precludes further litigation of that claim." (#60)(emphasis added).

On March 18, 2013, the clerk entered judgment in favor of plaintiff and against Viable

3

Marketing. (#61). The Ninth Circuit issued an order on March 25, 2013, granting defendants' voluntary dismissal. (#62). On April 5, 2013, defendant Elie filed the instant motion to extend time to respond to the complaint. (#65). Attorney Sigal Chattah, Esq. filed a notice of appearance on behalf of defendant Elie on April 8, 2013. (#66). Also on April 8, 2013, attorneys Craig S. Denney, Esq. and Jeff Ifrah, Esq. filed a motion to withdraw as attorney of record for defendants. (#67). The court granted the motion (#67) on April 9, 2013. (#68). On April 10, 2013, plaintiff filed an opposition to defendant Elie's motion to extend time. (#69). Defendant did not file a reply.

**Motion to Extend Time**

### A.    Arguments

Defendant Elie asks this court extend the time to file an answer to the plaintiff's complaint to July 15, 2013. (#65). Defendant's prior counsel, Mr. Ifrah, stated that four days prior to the court issuing its order setting the response deadline, he received correspondence from Mr. Chattah, stating that he had been retained by defendant Elie. (#65 Exhibit 1). Mr. Ifrah asserted that he tried to confirm this with defendant Elie, but was unable to do so because defendant is incarcerated. (#65). Mr. Ifrah contends that he has been unable to reach defendant Elie to obtain permission to file a responsive pleading, and that a three month extension is warranted. *Id.* Defendant Elie will be released from custody on June 26, 2013, and prior counsel stated that he believes that he will need until July 15, 2013, to file the responsive pleading on defendant Elie's behalf. *Id.* After filing the motion (#65), Mr. Ifrah withdrew from this action (#67) and Mr. Chattah appeared on behalf of defendant Elie (#66).

Plaintiff argues that the ninety (90) day extension is unwarranted, because (1) defendant has not been diligent, (2) new counsel is obviously able to communicate with defendant during his incarceration, (3) the action has been pending since 2009, (4) the requirement to file a responsive pleading was reasonably known to defendant, and (5) plaintiff would be harmed by the delay, as there is a greater risk that plaintiff will be unable to recover funds from defendant Elie if more time passes, due to the pending civil and criminal matters against him. (#69). Plaintiff asserts that it agrees to a

4

thirty (30) day extension of time. *Id.*

### B. Relevant Law/Discussion

Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." The court ordered defendant Elie to file a responsive pleading on or before April 15, 2013. (#60). Defendant Elie filed the instant motion to extend time on April 5, 2013. (#65). The court must therefore find "good cause" to extend the deadline. *See* Fed. R. Civ. P. 6(b)(1)(A).

Defendant's prior counsel sought a ninety (90) day extension of time due to the fact that defendant is incarcerated and counsel was unable to communicate with him. (#65). New counsel has appeared on behalf of defendant Elie (#66) and has presumably been in contact with him, as counsel did not file a reply demonstrating to the court the continued need for the ninety (90) day extension. The court finds that "good cause" exists to grant defendant an extension in light of new counsel's representation. *See* Fed. R. Civ. P. 6(b)(1)(A). Plaintiff opposes the ninety (90) day extension, but agrees to a thirty (30) day extension of the deadline. (#69). The court finds that a ninety (90) day extension is unnecessary. Under the circumstance described by the parties, an extension of thirty (30) days from the entry of this order is sufficient for defendant Elie to file a pleading responsive to the complaint. Defendant Elie did not file a reply to plaintiff's opposition.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Chad Elie's Motion For Extension of Time to Respond to Complaint (#65) is GRANTED in part and DENIED in part, as discussed above. Defendant Elie has

5

up to and including June 3, 2013, to file a responsive pleading.

DATED this 1st day of May, 2013.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**