UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PARTNERWEEKLY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VIABLE MARKETING CORP. and<br>CHAD ELIE,<br><br>    Defendants. | 2:09-CV-02120-PMP-VCF<br><br>ORDER |

    Presently before the Court is Plaintiff PartnerWeekly, LLC's Motion to Dismiss Counterclaims (Doc. #78), filed on August 20, 2013. Defendant Chad Elie filed an Opposition (Doc. #83) on October 2, 2013. Plaintiff filed a Reply (Doc. #86) on October 11, 2013.

**I. BACKGROUND**

    Plaintiff PartnerWeekly, LLC ("PartnerWeekly") and Defendant Viable Marketing Group ("Viable") entered into an Advertising Agreement pursuant to which Viable agreed to pay PartnerWeekly for Internet advertising services. (Notice of Removal (Doc. #1), Ex. A, Attach. 1.) In August and September 2009, PartnerWeekly sent Viable notices of an outstanding balance for advertising services PartnerWeekly provided for which Viable had not paid. (Notice of Removal, Ex. A, Attachs. 2, 3.)

    On October 7, 2009, PartnerWeekly brought suit in Nevada state court against Viable and its officer, Defendant Chad Elie ("Elie"), for breach of contract and other related

claims arising out of the unpaid advertising invoices.  (Notice of Removal, Ex. A.) Defendant Viable removed the action to this Court.  (Notice of Removal.)  The Court ordered the parties submit to arbitration based on an arbitration clause in the Advertising Agreement.  (Mins. of Proceedings (Doc. #19).)

The arbitrator issued a final decision granting judgment in favor of PartnerWeekly and against Viable.  (Mot. to Vacate, Ex. 6.)  PartnerWeekly thereafter moved to confirm the award in this Court, and Defendants Viable and Elie moved to vacate the award.  (Mot. to Confirm Award (Doc. #34); Motion to Vacate Arbitration Award (Doc. #38).)  The Court granted PartnerWeekly's Motion, denied Defendants' Motion, and confirmed the arbitration award in favor of PartnerWeekly and against both Viable and Elie. (Order (Doc. #42).)  Elie thereafter moved to amend the judgment, arguing that the arbitrator entered an award against Viable, but not against Elie.  (Defs.' R. 60(a) Mot. to Correct Mistake, Oversight, or Omission (Doc. #49); Defs.' R. 60(a) Mot. to Correct Mistake, Oversight, or Omission (Doc. #57).)  The Court agreed with Elie that the arbitrator entered an award against Viable only.  (Order (Doc. #60).)  The Court therefore amended the prior Order confirming the arbitration award to reflect that the award was entered against Viable only.  (Id.)  The Court ordered Elie to answer or otherwise respond to the Complaint in this action.  (Id.)

Elie thereafter moved to dismiss the Complaint, arguing there was no contract between PartnerWeekly and Elie, and there was no basis to find Elie was Viable's alter ego. (Def. Chad Edward Elie's Mot. to Dismiss (Doc. #71).)  Elie further argued that PartnerWeekly should have pursued its claims against him in the arbitration, but it failed to do so, and it therefore was precluded from pursuing its claims under issue and claim preclusion principles.  (Id.)

PartnerWeekly responded that it pled sufficient facts to support its allegations that Elie was Viable's alter ego, and that Elie therefore was liable on PartnerWeekly's

claims against Viable.  (Pl.'s Opp'n to Mot. to Dismiss (Doc. #72).)  PartnerWeekly further argued that claim and issue preclusion did not apply because this action is the only action PartnerWeekly has pursued against Elie, and PartnerWeekly could not pursue its claims against Elie in arbitration because Elie was not a party to the contract containing the arbitration clause.  (Id.)

The Court denied Elie's Motion to Dismiss.  (Order (Doc. #73).)  Elie thereafter filed an Answer and Counterclaim (Doc. #75).  Elie asserts three counterclaims based on the same Advertising Agreement and an Exclusivity Agreement.  (Ans. & Countercl. at 7-8.)  Elie asserts counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud.  (Id. at 8-12.)

PartnerWeekly now moves to dismiss Elie's counterclaims, arguing the Counterclaims are not adequately pled because the counterclaims are asserted against parties who are not plaintiffs in this case, Elie appears in his personal capacity as well as in his capacity as an officer of Viable Marketing even though Viable already lost in the arbitration, and the Counterclaims do not specify which claims are against PartnerWeekly.  Additionally, PartnerWeekly contends the Counterclaims use the terms "counterclaimant" and "counterclaimants" interchangeably, such that PartnerWeekly cannot tell which claims are asserted by Elie personally and which are asserted by Elie on behalf of Viable.  PartnerWeekly further argues that because Elie is not a party to the agreements, he has no standing to assert counterclaims based on the agreements.  PartnerWeekly also contends Elie fails to plead fraud with the requisite particularity.

Elie responds that PartnerWeekly previously argued the arbitration does not preclude litigation of the dispute between Elie and PartnerWeekly, and thus PartnerWeekly cannot now argue that claim and issue preclusion apply to bar Elie's counterclaims.  Elie contends that if he is Viable's alter ego as PartnerWeekly alleges, then he is entitled to pursue contractual remedies.  As to his fraud claim, Elie contends he adequately has alleged

3

that PartnerWeekly intentionally provided false leads.

## II. DISCUSSION

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555.

### A. Contract Claims

Elie brings breach of contract and breach of the covenant of good faith and fair dealing counterclaims against PartnerWeekly. However, Elie is not a party to either the Advertising Agreement or the Exclusivity Agreement, nor does he allege he was an intended third party beneficiary of either agreement. (Pl.'s Mot. to Dismiss (Doc. #78, Ex. 1 at 1, Ex. 2 at 1.)[1] His claims therefore fail as a matter of law. See Ins. Co. Of the West v. Gibson Tile Co., 134 P.3d 698, 702 (Nev. 2006) (en banc) (stating every contract in Nevada

---

[1] The Court may consider extrinsic documents beyond the Counterclaim without converting a motion to dismiss into one for summary judgment when "the plaintiff's claim depends on the contents of a document, the [counter]defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the [counterclaimant] does not explicitly allege the contents of that document in the [counterclaim]." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Elie asserts counterclaims based on the Advertising Agreement and Exclusivity Agreement, PartnerWeekly attached the two Agreements to its Motion, and Elie does not dispute the authenticity of those documents.

implies a covenant of good faith and fair dealing); Wyatt v. Bowers, 747 P.2d 881, 882-83 (Nev. 1987) (holding individuals who were not parties to or recipients of a particular promise cannot sue to enforce breach of that covenant); Olson v. Iacometti, 533 P.2d 1360, 1364 (Nev. 1975) (stating a plaintiff cannot pursue a breach of contract claim if he is not a party to the contract, unless he is an intended third party beneficiary of the contract). Additionally, to the extent Elie is found to be Viable's alter ego in this action, the contract claims between PartnerWeekly and Viable were resolved in the arbitration, and Elie may not re-litigate them. Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008) (en banc) (setting forth the elements for claim and issue preclusion). Accordingly, the Court will grant PartnerWeekly's Motion to Dismiss Elie's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing.

### B. Fraud

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy this burden, the complaint must state "the who, what, when, where, and how of the misconduct charged." Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted). Additionally, the complaint "must set forth what is false or misleading about a statement, and why it is false." Id. (quotation omitted).

Elie's Counterclaim does not plead fraud with the requisite particularity. The Counterclaim does not identify who made the allegedly false statements, when, or where. Additionally, Elie's fraud counterclaim appears to be based on fraud allegedly committed against Viable, rather than Elie. The Court therefore will dismiss Elie's fraud counterclaim without prejudice to amend to allege fraud with particularity. If Elie chooses to amend, he must allege with particularity: (1) that PartnerWeekly made a false representation; (2) that PartnerWeekly knew or believed that the representation was false (or had an insufficient basis for making the representation); (3) that PartnerWeekly intended to induce Elie to act

5

or to refrain from acting in reliance upon the misrepresentation; (4) that Elie justifiably relied on the misrepresentation; and (5) damage to Elie resulting from such reliance. Bulbman, Inc. v. Nev. Bell, 825 P.2d 588, 592 (Nev. 1992). Elie shall have until February 27, 2014 to file an Amended Counterclaim if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in dismissal, with prejudice, of the fraud counterclaim.

### C.  Other Parties

The Counterclaim identifies as "counterdefendants" Scott Tucker and Joe Lilly, two individuals who are not plaintiffs in this action. (Ans. & Countercl. at 6.) Although PartnerWeekly pointed out this defect in its Motion, Elie does not respond to support his assertion of counterclaims against individuals who are not plaintiffs. The Court therefore will grant PartnerWeekly's Motion to Dismiss as it pertains to Scott Tucker and Joe Lilly. See LR 7-2(d).

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff PartnerWeekly, LLC's Motion to Dismiss Counterclaims (Doc. #78) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant Chad Elie shall have until February 27, 2014 to file an Amended Counterclaim if he believes he can correct the noted deficiencies. Failure to comply with this Order will result in dismissal, with prejudice, of the fraud counterclaim.

DATED:  January 29, 2014

_____
PHILIP M. PRO
United States District Judge