UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| PARTNER WEEKLY, LLC,<br><br>　　　　　Plaintiff,<br>vs.<br><br>VIABLE MARKETING CORP., *et al.*,<br><br>　　　　　Defendants. | 2:09–cv–2120–PMP–VCF |
| VIABLE MARKETING CORP., *et al.*,<br><br>　　　　　Counterclaimants,<br>vs.<br><br>PARTNER WEEKLY, LLC, *et al.*,<br><br>　　　　　Counter Defendants. | **ORDER** |

This matter involves Partner Weekly's breach of contract action against Viable Marketing and Chad Elie. (*See* Compl. (#1-2) at Exhibit A[1]). Before the court is Partner Weekly's motion to compel Mr. Elie's responses to interrogatories and requests for production of documents (#89). For the reasons stated below, Partner Weekly's motion is granted.

## BACKGROUND

For purposes of Partner Weekly's motion to compel, the relevant facts include (1) a brief overview of this action's procedural history and (2) the circumstances precipitating Partner Weekly's motion to compel. Both are discussed below.

---

[1] Parenthetical citations refer to the court's docket.

1

### A. *Procedural History*

On December 12, 2007, Partner Weekly contracted to promote Viable Marketing's goods and services through various online advertising channels. Sometime in 2008, Viable Marketing breached the contract. In response, Partner Weekly commenced this action in October 2009.

In February 2010, the Honorable Philip M. Pro, U.S. District Judge, ordered the parties to arbitrate. (*See* Mins. Proceedings #19). At that time, Mr. Elie had not yet appeared in this action. Mr. Elie is a former corporate officer of Viable Marketing, which is now defunct.

Partner Weekly prevailed in arbitration, (*see* Mot. to Confirm #34), which Judge Pro confirmed in April 9, 2012. (Order #42). On March 15, 2013, the court corrected its order confirming Partner Weekly's arbitration to remove its application to Mr. Elie. (*See* Order #60). On the same date, the court ordered Mr. Elie to file an answer so that Partner Weekly could litigate its claims against him.

### B. *The Discovery Dispute*

The parties are currently in the midst of discovery. On November 20, 2013, Partner Weekly served Mr. Elie with interrogatories and requests for production of documents. Before the deadline to respond elapsed, the parties stipulated to extend the deadline to respond to the interrogatories until January 6, 2014. (*See* Dec. 13 Letter (#89-3) at 1). The parties did not stipulate to extend the deadline to respond to the request for production of documents, which were due on December 23, 2013. (*Id.*)

On January 6 and 9, 2014, Mr. Elie faxed responses to Partner Weekly's interrogatories and request for production of documents. However, Partner Weekly was dissatisfied with Mr. Elie's responses. According to Partner Weekly, Mr. Elie "did not fully answer most of the interrogatories and produced documents deficient in response to the requests for production." (Pl.'s Mot. to Compel (#89) at 3:22–24).

Following a telephonic meet and confer, Mr. Elie agreed to supplement his responses by January 23, 2014. On or about January 24, Partner Weekly received untimely and allegedly inadequate supplements. In response to Mr. Elie's repeated failure to produce satisfactory discovery responses, Partner Weekly sent Mr. Elie a letter on February 17, 2014, which outlined the deficiencies that needed to be cured. Mr. Elie never responded. Consequently, on March 28, 2014, Partner Weekly filed the instant motion to compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. It provides for two forms of discovery: party-controlled discovery and court-controlled discovery. The first sentence of Rule 26(b)(1) governs party-controlled discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The second sentence of Rule 26(b)(1) governs court-controlled discovery. It provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

The distinction between party-controlled discovery and court-controlled discovery is designed to curb overbroad discovery. *See* FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes, 2000 Amend. If a party objects that a discovery request seeks information beyond material relevant to the parties' claims or defenses, the court becomes involved to determine (1) whether the discovery is relevant to the claims or defenses and, (2) if not, whether good cause exists for authorizing discovery relevant to the subject matter of the action. *Id.* Whether information is relevant to the "parties' claims or defense" or "the subject matter of the action" is determined by the totality of the circumstances. *See id.*

Whether discovery is sought on claims or defenses or the subject matter, Rule 26 provides for liberal discovery. *See id.* (discussing court-controlled discovery and stating that "[t]he good-cause standard warranting broader discovery is meant to be flexible."); *see also Seattle Times, Co.*

*v. Rhinehart*, 467 U.S. 20, 34 (1984) (stating that liberal discovery is afforded to encourage full disclosure before trial). Under Rule 26, relevant information is any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

In light of the fact that Rule 26 affords liberal discovery, it follows that the party resisting discovery carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The objecting party must show that the discovery sought is overly broad, unduly burdensome irrelevant. FED. R. CIV. P. 26(b)(2)(C), 26(c).

To meet this burden, the objecting party must specifically detail the reasons why each request is improper. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Boilerplate and generalized objections are inadequate and tantamount to no objection at all. *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient)). Additionally, the objecting party must also object in a timely fashion or risk waiver of the right to object. *See* FED. R. CIV. P. 33(b)(4), 34(b); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Therefore, the party opposing discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997) (citations omitted); *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005).

Finally, because the discovery rules are designed to be self-executing, a motion to compel must include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention. *See* FED. R. CIV. P. 37(a)(1); *see also ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (discussing the meet and confer requirement). The court has broad discretion in controlling discovery, *see Little v. City*

*of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. *Diamond State Ins. Co. v. Rebel Oil. Inc.*, 157 F.R.D. 691, 696 (D. Nev.1994). Indeed, the court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

## DISCUSSION

Partner Weekly's motion to compel is granted. Because Mr. Elie bears the burden of demonstrating why Partner Weekly's discovery requests are improper, *see Walker*, 186 F.R.D. at 587, the court begins its analysis by addressing Mr. Elie's arguments. Mr. Elie proffers two arguments in support of his contention that Partner Weekly's motion should be denied: (1) Partner Weekly did not properly meet and confer and (2) Partner Weekly did not show good cause to warrant discovery into information relevant to the action's subject matter.

These arguments are unpersuasive. Mr. Elie correctly argues that a facially valid motion to compel is predicated on two components: (1) a certification that the parties met and conferred before seeking judicial intervention and (2) performance of the meet and confer. (Def.'s Opp'n (#90) at 6:6–14) (citing *Shuffle Master*, 170 F.R.D. at 170.). Mr. Elie opposes Partner Weekly's motion to compel on the grounds that Partner Weekly failed to "include a certification that such an effort" to meet and confer has been made. (*Id.* at 5:11). Normally, a party's failure to include a meet and confer certification warrants denying a motion to compel. *See Shuffle Master*, 170 F.R.D. at 171 ("[A] moving party must include more than a cursory recitation that counsel have been 'unable to resolve the matter.'").

Here, however, no certification is necessary. Mr. Elie admits in his opposition that the parties did, in fact, meet and confer on at least one occasion: "On January 14, 2014, the Parties had a telephonic meet and confer regarding the responses to discovery." (Def.'s Opp'n (#90) at 4:8–9). As discussed in

*Shuffle Master*, the certification requirement was added to secure the just, speedy, and inexpensive determination of every action, as mandated by Rule 1. *Shuffle Master*, 170 F.R.D. at 171. Here, all parties agree that a meet and confer occurred. Consequently, denying Partner Weekly's motion for failure to include a proper certification would cause delay, and therefore, subvert the certification's basic purpose of securing a speedy and inexpensive determination. *Id.*

Second, Mr. Elie argues that Partner Weekly's motion to compel should be denied because Partner Weekly did not "show good" cause to discover information relevant to the action's subject matter. Although Mr. Elie cites the correct rule, his application of the rule is mistaken. As discussed above, Rule 26 provides for liberal discovery. This means, *inter alia*, that discovery is generally conducted without court intervention. As a result, it is incumbent upon parties to raise timely objections to troublesome discovery requests or risk waiving the objection. *See, e.g.*, FED. R. CIV. P. 33(b)(4), 34(b); *Davis*, 650 F.2d at 1160.

Here, Mr. Elie's argument is predicated on the assumption that in order to obtain discovery into the subject matter Partner Weekly must, first, show good cause. This is incorrect. Before the court determines whether good cause exists, it was incumbent upon Mr. Elie to raise a timely objection. The Advisory Committee Notes to the 2000 Amendments establish that an objection must be made before the court determines whether good cause exists:

> Under the amended provisions, **if there is an objection** that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defense and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.

FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes, 2000 Amend. (emphasis added). Mr. Elie does not argue that a timely objection was ever raised. Consequently, the right to object to Partner Weekly's interrogatories and requests for production of documents has been waived. *See* FED. R. CIV. P. 33(b)(4),

34(b); *see also* FED. R. CIV. P. 34(b), Advisory Comm. Notes, 1970 Amend. (stating that the procedure governing objections "provided in Rule 34 is essentially the same as that in Rule 33.").

Finally, the court notes that Mr. Elie appears to make a third argument in opposition under Rule 26(b)(2)(iii). This rule permits the court to limit discovery where it's burden or expense outweighs its benefit. After citing the rule, Mr. Elie lists thirteen documents that he has already provided to Partner Weekly. (*See* Def.'s Opp'n (#90) at 8). Presumably, Mr. Elie invites the court to infer that because these documents have already been produced, any additional discovery will be more burdensome to Mr. Elie than beneficial to Partner Weekly. However, Mr. Elie did not make this argument or provide the court with any basis to conclude that additional discovery is overly burdensome. (*See generally id.*). This was his burden. *Walker*, 186 F.R.D. at 587.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Partner Weekly's motion to compel (#89) is GRANTED.

IT IS FURTHER ORDERED that Mr. Elie will SERVE adequate RESPONSES no later than May 2, 2014.

IT IS SO ORDERED.

DATED this 17th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE