**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| PARTNER WEEKLY, LLC, <br><br>　　　　　Plaintiff, <br>vs. <br><br>VIABLE MARKETING CORP., *et al.*, <br><br>　　　　　Defendants. <br><br>VIABLE MARKETING CORP., *et al.*, <br><br>　　　　　Counterclaimants, <br>vs. <br><br>PARTNER WEEKLY, LLC, *et al.*, <br><br>　　　　　Counter Defendants. | 2:09–cv–2120–PMP–VCF <br><br>**<u>ORDER</u>** |

　　　　This matter involves Partner Weekly's breach of contract action against Viable Marketing and Chad Elie. (*See* Compl. (#1-2) at Exhibit A[1]). Before the court is Partner Weekly's motion for clarification (#92). On April 17, 2014, the court granted Partner Weekly's motion to compel. In so doing, the court did not award Partner Weekly expenses in connection with the motion to compel or extend the current discovery deadlines. (*See generally* #91). Now, Partner Weekly asks the court whether it intended to award expenses or extend the current discovery deadlines.

　　　　It did not. Federal Rule of Civil Procedure 37(a)(5) governs motions to compel and the payment of expenses. In pertinent part, it provides that "[i]f the motion [to compel] is granted . . . the court must"

---

[1] Parenthetical citations refer to the court's docket.

1

order the payment of expenses. Despite the presence of the word "must," the court's decision to award expenses under Rule 37(a)(5) is permissive, not mandatory. *See, e.g.*, FED. R. CIV. P. 37(a)(5)(iii) (stating that an award of expenses is inappropriate if "other circumstances make an award of expenses unjust"); *see also id*. Advisory Committee Notes, 1970 Amend. ("The amendment does not significantly narrow the discretion of the court, but rather presses the court to address itself to abusive practices.").

The court declined to award Partner Weekly expenses for two reasons. First, Partner Weekly did not argue that the circumstances surrounding its motion to compel warrant an award of expenses. Partner Weekly merely asserted in the last sentence on the last page of its motion that "Plaintiff also requests . . . for [*sic*] an award of reasonably attorneys' fees and costs associated with the filing of this Motion to Compel." (Pl.'s Mot. to Compel (#89) at 16:6–8). Without more, the court will not impose sanctions as a matter of course. This would ignore the basic premise of federal practice and procedure, which is to "secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Second, Viable Marketing's opposition was not so unreasonable or meritless as to warrant an award of expenses.

The court declined to extend the discovery deadlines for similar reasons. Again, in the last sentence on the last page of its motion, Partner Weekly stated, "Plaintiff also requests an extension of the discovery cutoff . . . ." (Pl.'s Mot. to Compel (#89) at 16:6–7). This is insufficient. A legal argument should have been made.

Federal Rule of Civil Procedure 16(b)(4) governs the modification of discovery plans and scheduling orders. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294–95 (9th Cir. 2000). Scheduling orders exist primarily to protect the court's docket and trial calendar. *See* FED. R. CIV. P. 16,

Advisory Committee Notes (1937 Adoption) ("stating that scheduling orders "reliv[e] the congested condition of trial calendars"); *Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket. . ."); *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (stating that the purpose of Rule 16 is "to encourage forceful judicial management"); *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *In the Matter of the Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) ("[T]he purpose of Rule 16 is to insure early judicial intervention in the process of trial preparation and proper conduct of that entire process.").

Local Rule 26-4 supplements Federal Rule 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than twenty-one (21) days before the expiration of the subject deadline." LR 26-4. Additionally, a motion to extend the discovery deadline must include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery not completed within the time set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery."

Partner Weekly failed to cite any law or reference any facts in support of its request to extend the discovery cutoff dates. As a result, Partner Weekly's request for relief did not warrant attention. The court would have reached the same conclusion even if Partner Weekly submitted a reply brief with an extensive argument under Rule 16. *See Bazuaye v. I.N.S*., 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."); *Tovar v. United States Postal Ser'v*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (finding that when a party proffers new information in a reply brief, that argument is improper because the opposing party is deprived of an opportunity to respond); *see also* Special Order 109(III)(F)(4) ("A separate document must be filed for each type of document or purpose. Examples: separate documents must be filed for response and motion rather than a response and counter

motion in one document. Motions may ask for only one type of unrelated relief thus, rather than filing a motion to severe and to dismiss, a separate motion to severe and a separate motion to dismiss must be filed.")

Nonetheless, to secure the just, speedy, and inexpensive determination of this action, the court will hold a status conference on May 9, 2014, to address the parties' concerns.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that a STATUS HEARING is set for May 9, 2014, at 4:00 p.m. in Courtroom 3D in Las Vegas, Nevada.

IT IS SO ORDERED.

DATED this 21st day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4